IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:11-00204 |
| | ) | Judge Trauger |
| [1] MANILA VICHITVONGSA, a/k/a Manee Vichitvongsa | ) ) | |

## MEMORANDUM and ORDER

The defendant has filed a Motion For Judgment of Acquittal (Docket No. 104), to which the government has responded in opposition (Docket No. 108). The defendant was convicted on October 3, 2012 by a jury of being a felon in possession of a firearm. The defendant requests a judgment of acquittal on the ground of insufficient evidence.

A motion for judgment of acquittal under Rule 29(c), FED. R. CRIM. P., on the basis of insufficient evidence, calls upon the court to examine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This review is quite limited . . . . [The] court does not weigh evidence, make credibility determinations, or substitute its judgment for that of the jury." *United States v. Owusu*, 199 F.3d 329, 341-42 (6th Cir. 2000) (internal citations omitted).

"The government must be given the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial. It is not necessary that the evidence exclude every reasonable hypothesis except that of guilt." *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) (internal citations omitted). "Circumstantial evidence alone, if

1

substantial and competent, may sustain a conviction under this deferential standard of review." *United States v. Beverly*, 369 F.3d 516, 531 (6th Cir. 2004) (internal citations omitted).

Under this standard, the motion must be denied. The jury could reasonably have found from the testimony of Officer Fly that the loaded firearm was in such a position under the driver's seat that the defendant, the driver of the vehicle, could have placed it there. Moreover, whether or not the government proved that the defendant was housed in the Metro Jail, Sergeant Straube and Sonny Phanaphong both testified that it was the defendant's voice on the two recorded telephone calls, wherein the defendant stated that he was caught with his "burner," "the Smitty." The incriminating phone calls, coupled with the defendant's proximity to the firearm, "tip the scale in favor of constructive possession." *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008).

The court finds that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, the defendant's Motion For Judgment of Acquittal is **DENIED**.

It is so **ORDERED**.

ENTER this 21st day of November 2012.

ALETA A. TRAUGER
U.S. District Judge